# WISCONSIN TOWN LOT COMPANY v.
# M. G. ASTLEFORD AND ANOTHER.

222 N. W. 2d 285.

October 4, 1974—No. 44334.

*Stringer, Donnelly, Allen & Sharood* and *Philip Stringer,* for appellant.

*Thuet, Collins & Mitchell* and *Paul A. Thuet, Jr.,* for respondent.

Heard before Knutson, C. J., and Peterson, MacLaughlin, and Scott, JJ., considered and decided by the court en banc.

PER CURIAM.

This appeal by plaintiff from summary judgment requires us to interpret a property-tax-proration provision of a contract of sale of real property.

Plaintiff seller and defendant buyers entered into the contract of sale on September 21, 1970. The contract, which was a form contract prepared by plaintiff, provided that defendants were to take the property subject to certain specified exceptions, reservations, terms, and conditions. Two of these exceptions, reservations, terms, and conditions are relevant: first, the exception for "general real estate taxes, if any, for the tax year for which this offer is accepted"; second, the condition that "if said premises

are locally assessed for the year in which the deed is delivered the general real estate taxes for said year shall be prorated by seller and buyer as of the date on which the deed is delivered on the basis of the most recent tax bill unless the payment of same has been assumed by a tenant under an existing lease to be assigned to buyer; and taxes for year prior to the year in which the deed is to be delivered will be paid by seller."

The closing date was December 28, 1970. A dispute arose between the parties over whether the provision requiring proration applied to taxes paid in 1970 or to those levied in 1970 but payable in 1971. Desiring nonetheless to complete the closing, the parties agreed to place $40,500 of the purchase price in escrow. Under the terms of this agreement, if the parties did not reach a settlement within 5 months, the escrow agent was to disburse the $40,500, plus interest, half to plaintiff and half to defendants, and either plaintiff or defendants then could sue within 30 days to recover the other half of the escrow money.

This action was instituted by plaintiff within the 30-day period following the disbursement of the escrow money, plaintiff seeking the other half of the fund plus defendants' alleged pro rata share of the taxes plaintiff paid in 1970 for the property. Defendants counterclaimed for the other half of the escrow money. The trial court granted summary judgment in defendants' favor.

The precise issue, then, is whether the trial court erred in concluding that the proration provision applied to taxes levied in 1970 but payable in 1971.

In contending that the provision requires proration of taxes levied in 1969 and payable in 1970, plaintiff-seller relies heavily upon Minn. St. 275.28, subd. 3. We do not believe this reliance is justified. Minn. St. 275.28, subd. 3, provides:

"Beginning with property taxes payable in 1964, taxes on real and personal property shall continue to be related to the year in which assessed but shall be designated by the year in which they become payable but the liens shall relate back to the assessment date preceding except as otherwise provided, and further pro-

vided that such designation shall not be deemed to change the date or period to which such property taxes relate."

A key to the purpose of this subdivision may be found by considering the following:

1)   Prior to 1963 there was no such provision in the statutes.

2)   Then in 1963 the legislature amended the statute to add a new subdivision which reads as follows:

"Beginning with property taxes payable in 1964, taxes on real property shall be designated by the year in which they become payable but the liens shall relate back to the assessment date preceding except as otherwise provided." L. 1963, c. 39, § 2.

3)   Then in 1965 the legislature amended the statute again, so that subdivision 3 reads as it is set forth above. L. 1965, c. 545, § 1. Interestingly, the legislature gave a reason for amending the statute:

"The enactment of Laws 1963, Chapter 39, for the purposes of merely labeling the tax bills to indicate the year in which real estate taxes become payable having been misconstrued and having created problems pertaining to deduction of real and personal property taxes for income tax purposes and administrative problems pertaining thereto which did not exist prior to such enactment, it is in the public interest that Minnesota Statutes 1961, Section 275.28, as amended by Laws 1963, Chapter 39, be amended." L. 1965, c. 545, § 2.

In other words, the purpose of Minn. St. 275.28, subd. 3, is simply to instruct the county treasurer to label tax bills so as to indicate the year in which the tax bill is payable. The statute in no way provides that a tax which is due in a particular year relates to that year or is "for" that year. Indeed, the statute provides that the property tax due in a particular year relates to the preceding year. This is the reason we do not believe plaintiff's reliance on § 275.28, subd. 3, is justified.

Two things about the wording of the main provision relating

to taxes in the contract suggest that the apportionment should be of the taxes levied in 1970 but due in 1971:

First, the clause provides that the taxes shall be prorated "on the basis of the most recent tax bill." As defendants argue, if the clause required proration of taxes payable in 1970 rather than in 1971 there would be no need for such a clause since the exact amount of taxes payable in 1970 was known long before the parties entered into the contract.

Second, the clause provides that "taxes for year prior to the year in which the deed is to be delivered will be paid by seller." If we were to accept plaintiff's interpretation of the contract, then this provision refers to 1968 taxes due in 1969, taxes which plaintiff would have paid long before the contract was even signed, and yet the provision uses the future tense, "will be paid." The use of the future tense strongly suggests, therefore, that the taxes to which this provision refers are the 1969 taxes due in 1970, not the 1968 taxes due in 1969.

Plaintiff in drafting this provision could have stated clearly that the apportionment related to the taxes due in the year of the delivery of the deed. Because the contract does not clearly say this, and because it is fairly susceptible of the contrary interpretation, we believe that the interpretation more favorable to the party which did not draft the instrument, i. e., defendants, should be adopted. Koch v. Han-Shire Investments, Inc. 273 Minn. 155, 140 N. W. 2d 55 (1966).

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

MR. JUSTICE TODD took no part in the consideration or decision of this case.